## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Gregg B. Colton, on behalf of himself and a class of similarly situated persons,**<br><br>**Plaintiff**<br><br>v.<br><br>**SandRidge Exploration and Production, LLC**<br><br>**Defendant.** | **Civil Action No.** CIV-22-986-JD |

## CLASS ACTION COMPLAINT

Plaintiff Gregg B. Colton ("Plaintiff"), on behalf of himself and the Class defined below, for his class action complaint against Defendant SandRidge Exploration and Production, LLC ("SandRidge"), alleges:

## SUMMARY OF ACTION

1. Plaintiff and the Class bring this breach of contract class action against SandRidge to recover damages caused by SandRidge's periodic royalty underpayments to Plaintiff and the Class under certain lease agreements, all as more fully described below.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this class action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiff has brought this case as a class action; (b) the Class proposed by Plaintiff exceeds 100 members; (c) the proposed Class contains at least one member who is a citizen of a state different from the states of Delaware and Oklahoma, the two states where SandRidge is deemed to be a citizen under the Class Action Fairness Act in this class action; and (d) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

3. This Court has personal jurisdiction over SandRidge because: (a) SandRidge has transacted substantial business activities in the State of Oklahoma; (b) a substantial portion of the acts and conduct of SandRidge giving rise to the claims asserted in this class action complaint occurred in the State of Oklahoma; (c) SandRidge owns and operates more than 170 oil and gas wells in the State of Oklahoma; (d) SandRidge owns substantial property interests in Oklahoma; and (e) SandRidge has entered into hundreds of oil and gas leases with citizens of Oklahoma pertaining to minerals located in the State of Oklahoma.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial portion of SandRidge's acts and conduct giving rise to the claims alleged in this class action complaint occurred in this judicial district.

## PARTIES

5. Plaintiff is a citizen and resident of the State of Utah. Plaintiff owns royalty interests in oil and gas wells operated by SandRidge that produce natural gas in the State of Oklahoma. A copy of the oil and gas lease between Plaintiff and SandRidge, under which Plaintiff is paid royalties by SandRidge, is attached as Exhibit 1.

6. Defendant SandRidge is a limited liability company organized under the laws of the State of Delaware, and its principal place of business is located at 1 East Sheridan, Suite 500, Oklahoma City, Oklahoma, 73104. Pursuant to 28 U.S.C. § 1332(d)(10), SandRidge therefore is deemed to be a citizen of the States of Delaware and Oklahoma for purposes of this class action.

## CLASS DEFINITION

7. Plaintiff brings this action individually and, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), as the representative of a Class defined as follows:

> Persons and entities: (1) to whom SandRidge, at any time since November 14, 2017, has paid royalties under oil and gas leases which contain a "No Deductions" royalty

provision which is substantively identical to the "No Deductions" royalty provision set forth in Exhibit A to the 2014 Lease ("Class Leases") (Ex. A to Ex. 1); and (2) whose royalty payments received from SandRidge were reduced as a result of either gathering deductions, marginal well fee deductions, or other post-production cost deductions taken by SandRidge.

Excluded from the Class are: (1) agencies, departments and instrumentalities of the United States of America, including the United States Department of the Interior, Indian tribes, and Indian allottees; (2) any person who is a lessor under a Class Lease who has already filed and still has pending a lawsuit against SandRidge for underpayment of royalties; and (3) SandRidge and its affiliates.

### FACTUAL BACKGROUND SUPPORTING THE CLAIMS OF PLAINTIFF AND THE CLASS

8. Plaintiff and the Class are parties to Class Leases under which SandRidge, since November 14, 2017, has paid royalties to them on natural gas products produced and marketed by SandRidge from wells located in Oklahoma which are subject to the Class Leases.

9. Since November 14, 2017, SandRidge is or has been a lessee, either by succession or as the original party, under the Class Leases, and has sold natural gas products produced from wells subject to the Class Leases, and paid royalties to Plaintiff and to the other members of the Class.

10. On October 18, 2014, Plaintiff, as lessor, entered into an oil and gas lease with SandRidge, as lessee ("the 2014 Lease"). (Ex. 1). Plaintiff has owned the Lessor's interests under the 2014 Lease at all times since the 2014 Lease was executed in October 2014. SandRidge has owned the Lessee's interests under the 2014 Lease at all times since the 2014 Lease was executed in October 2014.

11. The applicable royalty provisions in the 2014 Lease with respect to natural gas products produced and sold by SandRidge are set forth in Paragraph 2(B) of the 2014 Lease (at page 1) and in Exhibit A attached to the 2014 Lease. (Ex. 1, p. 3).

12. Paragraph 2(B) of the 2014 Lease states, in pertinent part, that SandRidge "covenants and agrees … [t]o pay Lessor for gas (including casing head gas) and all other substance covered

hereby, a royalty of 3/16th of the proceeds realized by Lessee from the sale thereof, less a proportionate part of the production, severance and other excise taxes and the cost incurred by Lessee in processing, gathering, treating, compressing, dehydrating, transporting, and marketing, or otherwise making such gas or other substances ready for sale or use, said payments to be made monthly." (Ex. 1, p. 1).

    13. Exhibit A to the 2014 Lease states, in pertinent part:

> The following provisions are part of this Oil and gas Lease and if there be conflict between these provisions and any of the foregoing provisions, then the following provisions shall apply and take precedence:
>
>                           \* \* \*
>
> NO DEDUCTIONS: It is agreed between the Lessor and Lessee that, notwithstanding any language herein to the contrary, all oil, gas or other proceeds accruing to the Lessor under this lease or by state law shall be without deduction, for the cost of producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas and other products produced hereunder to transform the product into marketable form; however, Lessor's share of any such costs which result in enhancing the value of the marketable oil, gas or other products to receive a better price may be deducted from Lessor's share of production so long as they are based on Lessee's actual costs of such enhancements. However, in no event shall Lessor receive a price that is less than, or more than, the price received by Lessee.

(Ex. A to Ex. 1).

    14. Despite the fact that the "No Deductions" provision of the 2014 Lease expressly provides that the "gas … proceeds accruing to the Lessor under this lease … shall be without deduction for the cost of gathering … to transform the product into marketable form," and further provides "[h]owever, in no event shall Lessor receive a price that is less than, or more than, the price received by Lessee," SandRidge, on all royalty payments made to Plaintiff since November 14, 2017, has consistently deducted certain costs from the price of the natural gas products which

4

SandRidge has received on its sale of natural gas products (residue gas and fractionated natural gas liquid products) produced from wells subject to the 2014 Lease. Such deductions have included, *inter alia*, gathering costs to transform the raw natural gas into a marketable form, and marginal well fees. Plaintiff therefore has been paid royalties by SandRidge based upon a dollar amount which is substantially less than the price received by SandRidge on its sale of natural gas products produced from wells subject to the 2014 Lease.

15. By calculating the royalties paid to Plaintiff in the manner described above, SandRidge has consistently underpaid the amount of royalties owed to Plaintiff on a periodic basis since November 14, 2017 and has breached its royalty payment obligations to Plaintiff under the 2014 Lease.

16. Plaintiff has performed his obligations and complied with all the terms and conditions of the 2014 Lease. Plaintiff has also satisfied any applicable conditions precedent under the 2014 Lease, including the condition precedent to Plaintiff's commencement of this litigation against SandRidge set forth in Paragraph 14 of the 2014 Lease. (Ex. 1, p. 2).

17. In addition to the 2014 Lease, SandRidge is the lessee under hundreds of other Class Leases with more than 1,500 other lessors ("the Class members") covering oil and gas wells in the State of Oklahoma, which contain a natural gas royalty provision which is substantively the same as the applicable "No Deductions" royalty provision set forth in Exhibit A to the 2014 Lease. (Ex. A. to Ex. 1).

18. SandRidge, in its calculation and payment of royalties paid to the Class members who are lessors under the Class Leases, has used the same royalty accounting method referenced above, in which Sandridge has deducted marginal well fees and gathering costs to transform the raw natural gas into marketable natural gas products, from the price received by SandRidge on

its sale of natural gas products to third party purchasers, resulting in royalty payments by SandRidge to the Class members based upon a dollar amount which is substantially less than the price received by SandRidge on its sale of natural gas products produced from wells subject to such Class Leases, in breach of SandRidge's royalty payment obligations to the members of the Class. Such deductions are in breach of SandRidge's royalty payment obligations to the members of the Class under the Class Leases.

## CLASS ALLEGATIONS

19. Each of the requirements for certification of a Fed. R. Civ. P. 23(b)(3) Class is satisfied in this case.

20. The members of the Class are so numerous that separate joinder of each member of the Class is impracticable. There are more than 1,500 members of the defined Class, who reside in Oklahoma and numerous other states throughout the United States.

21. There are questions of fact and law common to the claims of Plaintiff and the Class, which include, without limitation, the following:

> a. Whether SandRidge has breached its royalty payment obligations to Plaintiff and the members of the defined Class under the Class Leases by deducting gathering costs from the price received by SandRidge on its sale of natural gas products in its calculation and payment of royalties to Plaintiff and the other Class members since November 14, 2017;
>
> b. Whether SandRidge has breached its obligations to Plaintiff and the other members of the defined Class by deducting marginal well fees from the price received by SandRidge on its sale of natural gas products in its calculation and payment of royalties to Plaintiff and the other Class members since November 14, 2017;
>
> c. Whether SandRidge has breached its royalty payment obligations to Plaintiff and the other Class members by deducting other post-production costs from the price of the natural gas products sold by SandRidge in its calculation of royalties paid to Plaintiff and the Class since November 14, 2017; and

    d.  Whether Plaintiff and the other members of the defined Class are entitled to recover prejudgment interest on the amount of the royalty underpayments made by SandRidge at a rate of twelve percent per annum, pursuant to 52 O.S. § 570.10(D).

22. Plaintiff's claims are typical of the claims of the other Class members because the claims of Plaintiff and the other Class members are identical.

23. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is represented by attorneys who are skilled and experienced in natural gas royalty underpayment class action litigation. Plaintiff has no conflicts of interest with any other Class member with respect to the claims asserted against SandRidge in this class action.

24. The questions of law and fact which are common to the claims of the Class predominate over any individual questions of fact or law which may exist with respect to the claims of some class members.

25. A class action is superior to other available methods for the fair and efficient adjudication of the claims of the Class members against Sandridge.

## **FIRST CLAIM FOR RELIEF**
(Breach Of Contract)

26. Plaintiff and the Class members incorporate by reference all preceding paragraphs of this class action complaint.

27. Plaintiff and the other Class members are lessors under valid Class Lease agreements with SandRidge.

28. SandRidge has sold natural gas products produced from wells subject to the Class Leases since November 14, 2017.

29. On its royalty payments made to the Class members under the Class Leases since November 14, 2017, SandRidge has consistently failed to pay royalties to Plaintiff and the other

Class members based upon the price received by SandRidge on its sale of natural gas products to third party purchasers. SandRidge has instead deducted from the price of the natural gas products various costs, including gathering costs, marginal well fees, and other post-production costs.

30. SandRidge's deduction of the above-referenced costs from the price of the natural gas products sold by SandRidge has been in breach of SandRidge's royalty payment obligations to the Class members under the Class Leases.

31. As a result of SandRidge's breach of its royalty payment obligations to Plaintiff and the Class under the Class Leases, Plaintiff and the Class have sustained substantial damages on all of the deficient royalty payments made by SandRidge to the Class members since November 14, 2017.

32. On each royalty underpayment made by SandRidge to Plaintiff and the Class since November 14, 2017, Plaintiff and the other Class members are entitled to recover statutory interest at the rate of 12 percent per annum, pursuant to 52 O.S. § 570.10(D), to be measured from the date that each royalty underpayment has become a "late" payment under 52. O.S. § 570.10(B)(1) or (B)(2) through the date that SandRidge pays the principal amount of each royalty underpayment to Plaintiff and the other Class members, or until the date of final judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. An Order determining that the breach of contract claims asserted by Plaintiff on behalf of himself and the defined Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), that Plaintiff be appointed as the Class Representative for the defined Class, and that Plaintiff's attorneys be appointed as Class Counsel for the defined Class;

2. A judgment in favor of the defined Class members on their breach of contract claims against SandRidge for the full amount of the royalty underpayments made by SandRidge to the defined Class, plus applicable twelve percent per annum statutory interest, pursuant to 52 O.S. § 570.10(B)(1), (B)(2), and (D);

3. An award to the Class of the costs of prosecuting this class action; and

4. For such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff and the proposed Class members demand a jury trial on all issues so triable.

## ATTORNEYS' LIEN CLAIMED

By: */s/ James R. Hicks*
James R. Hicks
Trevor Henson
BARROW AND GRIMM, P.C.
110 W. Seventh St., Ste. 900
Tulsa, OK 74119
(918) 584-1600
jhicks@barrowgrimm.com
thenson@barrowgrimm.com

-and-

George A. Barton (to be admitted PHV)
Stacy A. Burrows (to be admitted PHV)
Seth K. Jones (to be admitted PHV)
BARTON AND BURROWS, LLC
5201 Johnson Drive, Ste. 110
Mission, KS 66205
(913) 563-6250
george@bartonburrows.com
stacy@bartonburrows.com
seth@bartonburrows.com

*Attorneys for Plaintiff Gregg B. Colton and the proposed Class*