IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGG B. COLTON, on behalf of himself and a class of similarly situated persons, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-22-00986-JD |
| SANDRIDGE EXPLORATION AND PRODUCTION, LLC, | ) ) ) ) |
| Defendant. | ) ) |

# ORDER

Before the Court is Defendant Sandridge Exploration and Production, LLC's ("Defendant") Motion to Dismiss Proposed Class Allegations and Claims in Plaintiff's First Amended Class Action Complaint ("Motion") [Doc. No. 28]. Plaintiff Gregg B. Colton ("Plaintiff") filed a Memorandum in Opposition ("Response") [Doc. No. 31], and Defendant filed a Reply [Doc. No. 36]. For the reasons outlined below, the Court denies Defendant's Motion.

## I. BACKGROUND

In Plaintiff's First Amended Class Action Complaint, he brings an individual claim and a class action suit against Defendant. [Doc. No. 23]. Plaintiff defines the class as follows:

> Persons and entities to whom Sandridge, at any time since November 14, 2017, has paid royalties on natural gas produced from wells in Oklahoma under oil and gas leases ("Subclass I Leases") which expressly prohibit the lessee's deduction of gathering costs in the calculation of royalties paid to the lessor ("Subclass I Leases"), and whose royalty payments received from Sandridge were reduced as a

result of gathering deductions taken by Sandridge in its calculation and payment of royalties. ("Subclass I members").

Excluded from Subclass I are: (1) agencies, departments and instrumentalities of the United States of America, including the United States Department of the Interior, Indian tribes, and Indian allottees; and (2) Sandridge and its affiliates.

[*Id.* ¶ 7].[1]

Plaintiff and the proposed class members are parties to leases pursuant to which Defendant has paid them royalties on natural gas products produced and marketed by Defendant from wells located in Oklahoma since November 14, 2017. [Doc. No. 23 ¶ 8]. Plaintiff entered an oil and gas lease ("the Lease") with Defendant on October 18, 2014. [*Id.* ¶ 10]. Exhibit A to Plaintiff's Lease provides as follows:

The following provisions are part of this Oil and gas Lease and if there be conflict between these provisions and any of the foregoing provisions, then the following provisions shall apply and take precedence:

\* \* \*

NO DEDUCTIONS: It is agreed between the Lessor and Lessee that, notwithstanding any language herein to the contrary, all oil, gas or other proceeds accruing to the Lessor under this lease or by state law shall be without deduction, for the cost of producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas and other products produced hereunder to transform the product into marketable form; however, Lessor's share of any such costs which result in enhancing the value of the marketable oil, gas or other products to receive a better price may be deducted from Lessor's share of production so long as they are based on Lessee's actual costs of such enhancements. However, in no event shall Lessor receive a price that is less than, or more than, the price received by Lessee.

[*Id.* ¶ 11]. Plaintiff contends that, contrary to the above provision, since November 14, 2017, Defendant has consistently deducted gathering costs to transform the raw natural

---

[1] Plaintiff initially named two subclasses but has since voluntarily dismissed claims asserted on behalf of the second subclass. [*See* Doc. No. 29]; *see also infra* n.2.

2

gas into marketable form from the price of the natural gas products which Defendant has received on its sale of natural gas products. [*Id.* ¶ 12]. Accordingly, Plaintiff asserts Defendant has undercalculated his royalty payments in breach of the Lease. [*Id.* ¶ 13]. Plaintiff contends that Defendant has also underpaid royalties due to putative class members who have leases consistent with the class definition by deducting gathering costs from the price Defendant received on its sale of natural gas products to third party purchasers, thus basing its royalty payments on a price substantially less than the price Defendant received. [*Id.* ¶ 15]. Plaintiff asserts claims for breach of contract and declaratory judgment on his behalf and on behalf of the putative class members. [*Id.* ¶¶ 23–34].

Under Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss the class allegations.[2] [Doc. No. 28 at 6].[3] Defendant makes a lone argument for the dismissal of Plaintiff's class allegations—that the members of the class as defined by Plaintiff are

---

[2] Defendant originally also moved to dismiss Plaintiff's individual claim related to the deduction of marginal well fees. [Doc. No. 28 at 6]. However, Plaintiff has since voluntarily dismissed that claim. [Doc. No. 29; *see also* Doc. No. 31 at 9 (stating "[o]n March 7, 2023, Plaintiff . . . filed his Notice of voluntary dismissal of his claims against [Defendant] based upon [Defendant's] deduction of marginal well fees, on behalf of himself and a defined class of similarly situated royalty owners . . . .")]. Although it is not clear that Federal Rule of Civil Procedure 41(a)(1) can be used to dismiss claims and allegations pertaining to "Subclass II," as opposed to "an action," Defendant has not challenged Plaintiff's dismissal. [*See* Doc. No. 36 at 16 (explaining that Plaintiff dismissed these claims, so "any alleged claims related to 'marginal well' fees are no longer properly before this Court"). Thus, the Court deems dismissed or abandoned the individual and second subclass claims pertaining to the deduction of marginal well fees.

[3] The Court uses the page numbering from the top of CM/ECF documents in this Order.

not presently ascertainable. [*Id.* at 11–17]. Defendant asserts that "[t]he existence of an ascertainable class . . . is an implied prerequisite of [Rule] 23." [*Id.* at 11 (quoting *Low v. Chu*, No. 09-CV-0505-CVE-PJC, 2009 WL 4582312, *3 n.5 (N.D. Okla. Dec. 1, 2009) (second alteration in original))]. Because the Court would have to review individual lease terms to ascertain class members, Defendant argues identifying class members is not "administratively feasible." [*Id.* at 12–13].

In his Response, Plaintiff states that Defendant's Motion amounts to a motion to strike the class allegations, rather than a motion to dismiss, and that courts view such motions with disfavor. [Doc. No. 31 at 6]. Plaintiff argues that his proposed class is readily ascertainable because (1) Plaintiff's attorney, by conducting a limited search of public records, has identified oil and gas leases with royalty provisions that are the same as Plaintiff's and (2) Defendant electronically stores its oil and gas leases and can search them for leases with provisions expressly prohibiting the deduction of gathering costs. [*Id.* at 7].

In its Reply, Defendant counters that each of the leases produced by Plaintiff does not contain the same royalty provision as Plaintiff's lease. [Doc. No. 36 at 5–10]. Defendant also denies that it can easily search its electronic records regarding its oil and gas leases because its database only contains names and addresses of lessors, not lease language. [*Id.* at 10–11]. Defendant is resistant to producing all its oil and gas leases to Plaintiff and asserts the Court bears the responsibility to decide which lessors fall within Plaintiff's proposed class. [*Id.* at 11]. Defendant also argues that the Court will have to

4

make individual determinations regarding the marketability of the natural gas upon which Defendant paid royalties, which is not administratively feasible. [*Id.* at 12–15].

## II.  STANDARD OF REVIEW

To certify a class, the party seeking class certification must satisfy the requirements of Federal Rules of Civil Procedure 23(a) and 23(b). Typically, the Court examines whether a party has met the requirements of Rule 23 upon a motion to certify a class. However, "'Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny [class] certification.'" *Hockenbury v. Hanover Ins. Co.*, No. CV-15-1003-D, 2016 WL 552967, at *2 (W.D. Okla. Feb. 10, 2016) (alteration in original) (quoting *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009)). Under Rule 23(d)(1), a court may dismiss or strike class allegations from the complaint when "it is apparent from the plaintiff's complaint that a class cannot be certified." *Dollison v. Am. Nat'l Ins. Co.*, No. 13-CV-0100-CVE-FHM, 2013 WL 1944891, at *9 (N.D. Okla. May 9, 2013). However, some courts have viewed motions to strike and motions to dismiss class allegations with disfavor, recognizing such motions attempt to cut off class claims before the representative member of the class has had a chance to conduct meaningful discovery. *Cailao v. Hotelmacher LLC*, No. CIV-17-800-SLP, 2019 WL 13159739, at *10 (W.D. Okla. Feb. 5, 2019).

Considering the vehicle through which the Court examines Plaintiff's allegations regarding the asserted class members (a motion to dismiss), the Court's review is limited to the allegations in Plaintiff's First Amended Class Action Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a complaint will survive a Rule 12(b)(6)

5

motion to dismiss if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (internal quotation marks omitted). Accordingly, the Court's role upon a motion to dismiss class allegations is *not* to conduct a rigorous inquiry of whether the plaintiff has satisfied the requirements of Rule 23:

> Courts in this circuit and elsewhere, however, simply address whether the complaint has stated a plausible entitlement to relief under Rule 12(b)(6). These courts refuse to conduct a full inquiry into such allegations at the pleading stage; rather, they simply evaluate the complaint to determine whether such claims create a plausible entitlement to relief by the putative class members to survive a motion to dismiss.

*Cooper v. Coil Chem, LLC*, No. CIV-16-473-D, 2016 WL 7168235, at *4 (W.D. Okla. Dec. 8, 2016) (citing cases).

Plaintiff asserts that Defendant's Motion constitutes a motion to strike rather than a motion to dismiss. [Doc. No. 31 at 6]. Courts have recognized that a defendant may use either vehicle as a "preemptive" attack upon class certification. *See Dollison*, 2013 WL 1944891, at *9 (stating that "[Rule 23(d)] gives a district court the authority to strike or dismiss class allegations before discovery if it is apparent from the plaintiff's complaint that a class cannot be certified"). For Plaintiff's purposes, the Court finds that the distinction is immaterial. Under either type of motion, the Court's review is less rigorous, and Plaintiff's burden of proof is substantially lighter than at the class certification phase. *Compare id.* (stating that "[a] court may strike class allegations under [Rule 23(d)] where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate"), *with Cooper*, 2016 WL 7168235, at *4 (explaining that, when deciding a motion to dismiss class allegations, the court only needs to

determine if the complaint "has stated a plausible entitlement to relief"). Additionally, the Court views both types of motion with disfavor. *See Cailao*, 2019 WL 13159739, at *10 (stating that courts have "viewed motions to strike or dismiss class allegations at the pleading stage with particular disfavor") (internal quotation marks omitted). The Court will, therefore, analyze Defendant's Motion as a motion to dismiss.

### III. ANALYSIS

#### A. To survive a motion to dismiss, Plaintiff must show a plausible entitlement to relief.

To certify a class, Plaintiff must meet the requirements of Rules 23(a) and 23(b). In addition to the requirements of Rule 23, some courts have recognized a threshold inquiry examining whether the members of the class are "presently ascertainable." *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 334 (W.D. Okla. 2018).[4] When

---

[4] Ascertainability has not been heavily litigated in the Tenth Circuit. As far as this Court can tell from its own research, ascertainability has been treated as a "sub-requirement of numerosity" in Rule 23(a)(1), *Evans v. Brigham Young Univ.*, No. 22-4050, 2023 WL 3262012, at *5 (10th Cir. May 5, 2023) and *Rex v. Owens ex rel. Okla.*, 585 F.2d 432, 436 (10th Cir. 1978), it has been treated as relating to "lack of identifiability" as a factor that may defeat Rule 23(b)(3) class certification, *Adler v. All Hours Plumbing Drain Cleaning 24-7-365 LLC*, No. 2:21-CV-00141, 2022 WL 15513196, at *10 (D. Utah Oct. 27, 2022) (citing *Shook v. El Paso Cnty.*, 386 F.3d 963, 972 (10th Cir. 2004)), or it has not been addressed, *Naylor Farms, Inc. v. Chaparral Energy, LLC*, 923 F.3d 779, 788 n.9 (10th Cir. 2019) (declining to address the defendant's argument that "Rule 23 includes an implied requirement of ascertainability" that the plaintiff cannot satisfy because the ascertainability argument was not raised and ruled upon by the district court) and *Rivera v. Exeter Finance Corp.*, 829 F. App'x 887, 888 n.2 (10th Cir. 2020) (unpublished) (declining to address the plaintiff's arguments on ascertainability). Some district courts in the Tenth Circuit have applied the test for ascertainability discussed herein. *See Braver*, 329 F.R.D. at 334. As Plaintiff has not challenged whether this analysis is appropriate, the Court will proceed with the inquiry.

determining whether class members are presently ascertainable, the Court applies the following principles:

> It is not necessary that every member of the class be identified at the outset. If the general outlines of the class are determinable at the beginning of the litigation, that will ordinarily suffice. However, the requirement that there be a class will not be deemed satisfied unless the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.

*In re Gen. Motors Corp. "Piston Slap" Prods. Liab. Litig.*, No. MDL 04-1600, 2006 WL 1049259, at *2 (W.D. Okla. Apr. 19, 2006) (internal quotation marks and citation omitted).

The Court must examine whether the class members are presently ascertainable through the lens of Plaintiff's burden of proof at the motion to dismiss stage. The Court, therefore, must determine if Plaintiff has stated "a plausible entitlement to relief." *Cooper*, 2016 WL 7168235, at *4. The Court's role is *not* as Defendant asserts to "rigorously analyze whether that burden has been met." [Doc. No. 28 at 13 (citing *Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013)]. That is the Court's role upon deciding whether to certify a class. *Compare Carrera*, 727 F.3d at 306 (explaining that "[c]lass certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 are met") (internal quotation marks and citation omitted), *with Cooper*, 2016 WL 7168235, at *4 (stating that "[t]hese courts refuse to conduct a full inquiry into such allegations at the pleading stage; rather, they simply evaluate the complaint to determine whether such claims create a plausible entitlement to relief by the putative class members to survive a motion to dismiss").

### B. The class is presently ascertainable because the Court can determine members by objective standards.

Defendant does not contest that the outlines of the class are determinable but rather that it is not administratively feasible to identify the members of the class. [Doc. No. 28 at 14–17]. *See In re Gen. Motors Corp.*, 2006 WL 1049259, at *2. However, Defendant has acknowledged that the class members can be identified by review of its oil and gas leases and royalty records. [*See* Doc. No. 28 at 14 (stating that "[t]o determine whether a person or entity falls within Plaintiff's proposed [class] definition, the Court would be required to individually review and analyze each potential class member's oil and gas lease to determine whether that lease specifically prohibited the deduction of gathering costs")]. As demonstrated by the cases cited by Defendant, determining whether ascertaining class members is administratively feasible generally focuses upon if the Court can ascertain class members objectively, as opposed to subjective inquiries requiring individual consideration upon the merits. [*See* Doc. No. 28 at 11–12 (citing the following cases)]. *See, e.g.*, *United Food & Com. Workers Union v. Chesapeake Energy Corp.*, 281 F.R.D. 641, 657 (W.D. Okla. 2012) (stating that "[t]he identity of class members . . . must be ascertainable by reference to objective criteria"); *McNeely v. Nat'l Mobile Health Care, LLC*, No. CIV-07-933-M, 2008 WL 4816510, at *5 (W.D. Okla. Oct. 27, 2008) (concluding that it was administratively feasible to identify class members because the defendant had adequate records concerning their identities). Here, it is administratively feasible to ascertain class members because the Court can identify them by objective standards—whether they have lease provisions prohibiting deductions for

gathering costs and whether Defendant paid the lessors royalties reduced by gathering deductions during the applicable period. [*See* Doc. No. 31 at 7 (defining criteria to identify class members); Doc. No. 23 ¶ 7 (same)].

Defendant argues that some leases, such as Plaintiff's, contain provisions both allowing and prohibiting the deduction of gathering fees in certain circumstances. [Doc. No. 28 at 8–9]. Thus, Defendant contends the Court would have to engage in a "fact-intensive review and analysis" regarding whether a particular lease permits gathering deductions. [*Id.* at 9]. But the Court cannot consider this argument at the motion to dismiss stage where the Court's review is limited to whether Plaintiff's complaint states a "plausible entitlement to relief." *See Cooper*, 2016 WL 7168235, at *4. At this stage, the Court only considers if the putative class, as defined, can be determined objectively, and the Court concludes Plaintiff has stated a claim for objectively defining the class. As Defendant itself acknowledges, "to fall within the scope of Plaintiff's proposed [class] definition, a royalty owner would have to possess a lease expressly prohibiting the deduction of gathering costs[,]" which the Court concludes is an adequately objective manner for identifying class members. [Doc. No. 28 at 9].

>    C.   **The need to examine individual leases is not an adequate basis for concluding the class is not presently ascertainable.**

Defendants argue that it is not administratively feasible to ascertain class members because it would require individual examination of its oil and gas leases. [Doc. No. 28 at 14]. "[C]ourts have found and this Court agrees that the need to review individual files to identify class members is not a reason to deny class certification."

*Eaton v. Ascent Res. - Utica, LLC*, No. 2:19-CV-3412, 2021 WL 3398975, at *8 (S.D. Ohio Aug. 4, 2021) (alterations and internal quotation marks omitted) (citing *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 539 (6th Cir. 2012)). "Though a records review may be time consuming, that does not make the inquiry any less objective." *Id.* Defendant does not contest Plaintiff's proposition that the class members may be ascertained by examination of Defendant's oil and gas leases and records. [*See* Doc. No. 31 at 7–8; Doc. No. 36 at 10]. The Court, therefore, rejects Defendant's argument.[5]

In its Reply, Defendant discusses individual terms of exemplary leases produced by Plaintiff as exhibits to his Response. [Doc. No. 36 at 6–10]. Plaintiff attached sample leases to his Response for the purpose of demonstrating that other leases exist with similar terms to Plaintiff's lease that would bring those lessors within the proposed class. [*See* Doc. Nos. 31-1–31-50]. Plaintiff's counsel procured the leases by searching public records. [Doc. No. 31 at 7]. Defendant acknowledges that thirty-two of the leases are the same as Plaintiff's lease. [Doc. No. 36 at 6 (stating that "[o]f the 47 sample leases attached as exhibits to Plaintiff's Memorandum, it appears that 32 are 'the same' as

---

[5] Other federal courts have determined that classes were presently ascertainable where the members could be identified through the defendant's records. *See, e.g.*, *Eaton*, 2021 WL 3398975, at *8 (determining that "[t]he members of the modified class can be objectively identified in the manner proposed by Plaintiffs: using [the defendant's] groups, lease records, and royalty records"); *Abraham v. WPX Energy Prod., LLC*, 322 F.R.D. 592, 642 (D.N.M. 2017) (concluding the putative class, lessors who were paid royalties based upon the "keep whole" methodology, was ascertainable because they could be identified by the defendant's records); *Crichton v. Augustus Energy Res., L.L.C.*, No. 15-CV-00835-KLM, 2017 WL 11701745, at *2 (D. Colo. Mar. 31, 2017) (finding the proposed class consisting of those who were paid royalties pursuant to "overriding royalty agreements or other agreements which do not expressly authorize the deduction of costs incurred to market such gas" as presently ascertainable).

Plaintiff's lease")]. Defendant then engages in an analysis of the remaining leases and how they differ from Plaintiff's lease regarding the relevant provisions [*See id.* at 6–10]. The Court finds that substantive consideration of those leases is inappropriate at the motion to dismiss stage as the Court's consideration is limited to Plaintiff's First Amended Class Action Complaint and documents specifically relied upon therein. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (stating that "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted"). The Court views those leases, not for their substance, but as demonstrating that other class members exist who are presently ascertainable by examination of lease language. Accordingly, the Court considers Plaintiff's argument pertaining to those leases but excludes the leases themselves. *See id.* (explaining that "Rule 12(b) provides that if matters outside the complaint are presented to and not excluded by the court, then the court should treat the motion as one for summary judgment under Rule 56 and not as a motion to dismiss").

### D. The Court does not need to consider the marketability of the natural gas to decide if the class is presently ascertainable.

The Court declines to consider Defendant's arguments regarding the marketability of the natural gas. [*See* Doc. No. 28 at 14–15; Doc. No. 36 at 12–15]. Defendant argues that the Court will have to undertake individual analysis regarding whether gas sold by Defendant was in marketable form, which is relevant to the consideration of whether Defendant properly deducted gathering fees before calculating royalties. [*See id.*]. The

Court does not find this argument relevant to whether the class is presently ascertainable. Potential class members are lessors (1) who have leases with Defendant that include a provision prohibiting deduction of gathering costs in the calculation of royalties, and (2) whose royalty payments were reduced as a result of gathering deductions by Defendant. [Doc. No. 23 ¶ 7, Doc. No. 31 at 7]. Whether Defendant *properly* deducted gathering fees is relevant to the determination of whether Defendant breached the leases of the proposed class members, but that issue is not relevant to the threshold inquiry of ascertaining the class members. As highlighted by *Naylor Farms, Inc. v. Chaparral Energy, LLC*, the determination of whether the gas was in marketable form may be relevant to the issues of commonality and predominance—neither of which Defendant challenges in its Motion. [*See* Doc. No. 31 at 8–9 (discussing Tenth Circuit's examination of marketability in *Naylor Farms*, 923 F.3d 779, 784–95 (10th Cir. 2019)]. *See also Naylor Farms*, 923 F.3d at 793 (considering whether, for purposes of commonality and predominance, the plaintiff presented class-wide evidence of marketability). But the Court concludes it does not have to examine the issue of marketability in the context of determining whether the class is presently ascertainable because marketability of the natural gas is not relevant to the proposed class definition.

## IV.    CONCLUSION

For the reasons explained above, Plaintiff has shown a plausible entitlement to relief. The Court concludes Plaintiff has met its burden of proof, upon a motion to dismiss, to demonstrate his proposed class is presently ascertainable. The Court,

therefore, DENIES Defendant's Motion to Dismiss Proposed Class Allegations and Claims in Plaintiff's First Amended Class Action Complaint.

IT IS SO ORDERED this 13th day of May 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE